CLIFF WEIL, INC., Plaintiff,

v.

William D. BAILEY, Defendant.

Civ. A. No. 7631.

United States District Court
E. D. South Carolina,
Columbia Division.

Oct. 24, 1962.

James C. McLeod, Jr. (Willcox, Hardee, Houck, Palmer & O'Farrell), Florence, S. C., for plaintiff.

Jennings & Jennings, Bishopville, S. C., for defendant.

WYCHE, District Judge (sitting by designation).

The plaintiff in the above case is a foreign corporation, domesticated and doing business in the State of South Carolina, and the defendant is a resident of Lee County, South Carolina, Columbia Division.

This action was commenced in the Florence Division and upon motion of the defendant was transferred to the Columbia Division, in accordance with 28 U.S.C.A. § 1393, which provides: "(a) Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides." The motion was granted "without prejudice to motion to transfer back to Florence Division upon ground of convenience of witnesses and ends of justice".

The case is now before me upon motion of plaintiff to transfer the case to the Florence Division for trial "for the convenience of parties and witnesses, in the interest of justice", which motion is supported by affidavits.

28 U.S.C.A. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other *district* or division where it might have been brought."

28 U.S.C.A. § 1404(b) provides: "Upon motion, * * *, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other *division* in the same district. * * *."

Subsection (a) was drafted in accordance with the doctrine of *forum non conveniens*, permitting transfer to a more convenient forum, even though the venue is proper. This subsection requires the court to determine that the transfer is necessary for convenience of the parties and witnesses, and further, that it is in the interest of justice to do so.

Subsection (b) extends to all judicial districts and permits transfer of cases between divisions, and was intended to give the district court discretion to transfer a case from one division to another in the same district, regardless of the residence of the single defendant, upon the

ground of the convenience of parties and witnesses and in the interest of justice.

After hearing argument of counsel and upon consideration of the affidavits filed in support of the motion, it is my opinion that the convenience of witnesses would be served and the interest of justice would likewise be served by a trial of the case in the Florence division.

This case is now on the roster for trial in the Columbia division at a term of court commencing October 29, 1962. The next regular term of court in the Florence division commences on December 3, 1962. A transfer to the Florence division will not, therefore, cause a great delay in the trial of the case, but in order to assure a speedy trial of the case in the Florence division, I will set it for trial with right of way on Monday, December 17, 1962.

It is, therefore, ORDERED, That the above case be and the same is hereby transferred to the Florence division for trial, and the Clerk is directed to place the case on the roster for trial on Monday, December 17, 1962, with right of way.